## UNITED STATES INFORMATION AGENCY, Appellee,

v.

## Jan KRC, Appellant.

## No. 91–5339.

United States Court of Appeals, District of Columbia Circuit.

July 23, 1993.

Before: MIKVA, Chief Judge; WALD, EDWARDS, RUTH B. GINSBURG, SILBERMAN, BUCKLEY, WILLIAMS, D.H. GINSBURG, SENTELLE, HENDERSON, and RANDOLPH, Circuit Judges.

### ORDER

PER CURIAM.

Appellant's Suggestion For Rehearing *En Banc* and the response thereto have been circulated to the full court. The taking of a vote was requested. Thereafter, a majority of the judges of the court in regular active service did not vote in favor of the suggestion. Upon consideration of the foregoing it is

**ORDERED,** by the Court *en banc,* that the suggestion is denied.

A statement of WALD, Circuit Judge, dissenting from the denial of rehearing *en banc,* joined by MIKVA, Chief Judge, is attached.

RUTH B. GINSBURG, Circuit Judge, did not participate in this matter.

WALD, Circuit Judge, dissenting joined by MIKVA, Chief Judge.

I dissent from the court's decision not to rehear this case *en banc.*

Although it is unusual (outside the military context) for a government agency to announce it has an exclusionary policy against homosexuals, this court is frequently called on to review cases in which more subtle and covert government discrimination against

gays and lesbians is alleged. *See, e.g., Doe v. Gates,* 981 F.2d 1316 (D.C.Cir.1993). The panel's decision to uphold summary judgment for the government on this record signals that this court views such claims inhospitably; indeed, it is hard to see how a homosexual plaintiff will ever obtain a trial on the issue of whether he was fired or demoted because of sexual orientation if the mode of review applied here persists.

The panel affirms an award of *summary judgment* on an issue on which *the government bore the ultimate burden of proof—i.e.,* whether the USIA would have terminated Krc regardless of his sexual-orientation—despite the lack of any contemporaneous USIA documents identifying Krc's "poor judgment" (the primary "neutral" consideration relied upon) as a sufficient cause for his termination; despite a key agency memorandum referring to several sexual orientation-specific factors to justify not letting Krc serve abroad; despite a witness' sworn statement that USIA security personnel told her that Krc's "problem" was not his conduct, but his sexual orientation; despite an acknowledgement by the key USIA decisionmaker that he considers homosexuality per se to have serious security consequences; and, finally, despite a prior panel decision in this very case clearly resting on the explicit ground that Krc's termination was status- not conduct-based. All of these factors compel the conclusion that there is a serious factual dispute here that deserves to be aired at trial and that makes summary judgment wholly inappropriate.

This case, I emphasize, is not a run-of-the-mill fact controversy of the type in which we routinely refuse *en banc* review. The affirmance of summary judgment in a case like this has wide implications for the way this court intends to deal with the recurring issue of alleged unconstitutional government discrimination against homosexuals—and for our ability to deal with similar mixed-motive Title VII cases. The decision raises serious questions as well about our summary judgment jurisprudence in cases where the movant bears the burden of proof on the dispositive issue.

For those reasons and because I believe a serious injustice has been done to Krc in denying him a trial on his claim of agency discrimination, I would grant the suggestion for rehearing *en banc.*